# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TIMOTHY G. HAUGHT,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0785**  (BOR Appeal No. 2046752)
(Claim No. 2006060809)

**UNITED CONSTRUCTION COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Timothy G. Haught, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. United Construction Company, Inc., by Lucinda Fluharty, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 1, 2012, in which the Board affirmed a December 13, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's October 6, 2010, decision granting Mr. Haught no additional permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Haught sustained multiple injuries on October 27, 2006, and his claim was held compensable for lateral epicondylitis of the elbow, sacroiliac sprain, arm contusion, lumbar radiculopathy, and aggravation of pre-existing spondylolisthesis. On July 7, 2008, James Dauphin, M.D., performed an independent medical evaluation and recommended a 10% permanent partial disability award for the injuries to Mr. Haught's lumbar spine. On February 16, 2009, Victoria Langa, M.D., performed an independent medical evaluation and recommended an 8% permanent partial disability award for the injuries to Mr. Haught's lumbar

1

spine. On September 24, 2009, Bruce Guberman, M.D., determined that Mr. Haught had not yet reached maximum medical improvement with regard to the injuries to his lumbar spine. Following Dr. Guberman's report, the Office of Judges determined that a prior permanent partial disability award granted for Mr. Haught's lumbar spine injuries was premature. On September 24, 2010, Sushil Sethi, M.D., performed an independent medical evaluation. After determining that Mr. Haught had reached maximum medical improvement with regard to the lumbar spine, he recommended a 5% permanent partial disability award for Mr. Haught's lumbar spine injuries. On October 6, 2010, the claims administrator granted Mr. Haught no additional permanent partial disability award.

In its Order reversing the October 6, 2010, claims administrator's decision, the Office of Judges held that the evidence of record establishes that Mr. Haught has 5% whole person impairment as a result of his compensable injuries. Mr. Haught disputes this finding and asserts that the evidence of record demonstrates that he is entitled to an increased permanent partial disability award for his compensable injuries.

The Office of Judges found that Dr. Sethi's report is the only report of record to evaluate Mr. Haught's whole person impairment after he had reached maximum medical improvement, and therefore placed significant weight on Dr. Sethi's conclusions. On appeal, Mr. Haught seeks a decision relying upon the opinions of Dr. Dauphin and Dr. Langa. However, as was noted by the Office of Judges, both Dr. Dauphin and Dr. Langa attempted to determine Mr. Haught's whole person impairment before he had reached maximum medical improvement. Further, the Office of Judges found that Mr. Haught's argument that he is entitled to another independent medical evaluation for consideration of all his compensable conditions, which he again makes on appeal to this Court, to be unpersuasive. Dr. Sethi's independent medical evaluation was performed well after all of the compensable conditions had been added to the claim and there is no indication that he did not thoroughly evaluate Mr. Haught's condition. The Board of Review adopted the Office of Judges' findings of fact and conclusions of law in its June 1, 2012, decision. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Menis E. Ketchum

2